# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2018

Lyle W. Cayce
Clerk

No. 17-20069
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AARON MATTHEW PIERCE

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-57-2

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Aaron Matthew Pierce appeals his jury trial convictions for conspiracy to commit wire fraud and three counts of wire fraud and aiding and abetting wire fraud. He contends that the district court abused its discretion by declining to include an instruction on multiple conspiracies in its jury charge and that the evidence is insufficient to support his convictions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20069

"A multiple conspiracy charge instructs the jury to acquit if it finds that the defendant was not a member of the indicted conspiracy but rather was involved in another conspiracy." *United States v. Cavin*, 39 F.3d 1299, 1310 (5th Cir. 1994). Pierce asserts primarily that a multiple-conspiracies instruction was warranted based on the lack of evidence establishing a connection between himself and a coconspirator.

Our review of the record reveals no evidence that Pierce "w[as] only involved in separate conspiracies unrelated to the overall conspiracy charge in the indictment." *United States v. Greer*, 939 F.2d 1076, 1088 (5th Cir. 1991) (quoting *United States v. Anguiano*, 873 F.2d 1314, 1317 (9th Cir. 1989)), *opinion reinstated in part on reh'g*, 968 F.2d 433 (5th Cir. 1992); *United States v. Castaneda-Cantu*, 20 F.3d 1325, 1334 (5th Cir. 1994). In addition, that the evidence was silent as to Pierce's connection with the coconspirator is irrelevant; in order to establish a single conspiracy, "[i]t is not necessary . . . for all coconspirators to know each other or to have worked together on all phases of the criminal enterprise." *United States v. Winship*, 724 F.2d 1116, 1122 (5th Cir. 1984). Accordingly, the district court did not abuse its discretion in declining to instruct the jury on the theory of multiple conspiracies. *See Castaneda-Cantu*, 20 F.3d at 1333-34; *Greer*, 939 F.2d at 1088.

Pierce's arguments that the evidence was insufficient to convict him of conspiracy to commit wire fraud and three counts of wire fraud and aiding and abetting wire fraud are entirely premised upon his faulty argument that he was entitled to a charge on multiple conspiracies, and because that argument fails, his sufficiency arguments necessarily fail. Nevertheless, the undisputed evidence presented at trial showed that Darrell Demond Arline, a program manager at Goodwill Industries in Houston, Texas, and Pierce conspired to commit wire fraud and committed wire fraud when they defrauded a federal

grant program implemented to assist needy veterans with housing. Arline participated by creating and/or approving fraudulent purchase orders identifying Pierce or his company as a vendor eligible for funds under the program, thereby causing checks to be issued to Pierce and his bogus company. Pierce participated by opening a fictitious company, accepting payment for services he did not provide, and depositing the illegally-gotten checks into his account, which resulted in the debiting of Goodwill's account and three wire transmissions requesting reimbursement from grant funds. In light of the foregoing evidence, a rational jury could have found Pierce guilty of the charged offenses beyond a reasonable doubt. *See United States v. Vargas-Ocampo,* 747 F.3d 299, 303 (5th Cir. 2014) (en banc); 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. § 1349 (conspiracy); 18 U.S.C. § 2 (aiding and abetting).

The judgment of the district court is AFFIRMED.